UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA JEAN C.,<br><br>       Plaintiff,<br><br>v.<br><br>KILOLO KIZAKAJI, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No.: 21cv1961-KSC<br><br>**ORDER SETTING MANDATORY SETTLEMENT PROCEDURES AND BRIEFING SCHEDULE FOR JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

On August 27, 2021, plaintiff Paula Jean C. filed a Complaint against the Commissioner of Social Security seeking judicial review of the denial of an application for social security benefits. Defendant filed the Administrative Record on April 26, 2022. Pursuant to Rule 16.1(e)(3) of the Civil Local Rules, an Early Neutral Evaluation and Case Management Conference will not be held in this case. The Court hereby enters the following scheduling order.

### **MANDATORY SETTLEMENT PROCEDURES**

The parties shall engage in good faith settlement negotiations to resolve the matter, according to the following schedule:

1. On or before **May 31, 2022**, plaintiff shall prepare and deliver by e-mail to the Special Assistant United States Attorney ("SAUSA") representing the Commissioner (or,

if no SAUSA is assigned to the case, to the assigned Assistant United States Attorney ("AUSA")) a written and detailed proposal of settlement.

2. Within **twenty-one (21) days** of receipt of the written settlement proposal, the Commissioner shall evaluate the merits of plaintiff's contentions and confer with plaintiff's counsel in writing by mail, e-mail, or facsimile transmission.

3. Within **seven (7) days** after the service on plaintiff of the Commissioner's written response to the settlement proposal, one of the following actions shall occur:

(a) The parties shall electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or

(b) The parties shall electronically file a Joint Status Report advising the Court that they have not resolved the matter in settlement discussions.

## JOINT MOTION FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

If the parties cannot resolve the matter in settlement discussions before the deadlines set forth in this order, the parties shall electronically file a Joint Motion for Judicial Review of Final Decision of The Commissioner of Social Security ("Joint Motion for Judicial Review") in the manner, and according to the schedule, set forth below. The briefing requirements and schedule set forth in this Order supersede, and the parties are hereby excused from, Civil Local Rule 7.1(e)(6). The parties shall cooperate in preparing the Joint Motion for Judicial Review, and sanctions may be imposed for any failure to cooperate. A Joint Motion for Judicial Review that is not signed by counsel for both parties may be rejected and stricken by the Court. A Joint Motion for Judicial Review that is electronically filed, but that is not prepared in the manner required by this order, may be stricken, and the parties will be required to cure the defects by electronically filing an Amended Joint Motion for Judicial Review.

**A. Content of the Joint Motion for Judicial Review**

The Joint Motion for Judicial Review shall include a short summary of the case, the parties' positions with respect to the Administrative Law Judge's ("ALJ") summary of the

material medical evidence and testimony of record, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested. Any issue not raised in the Joint Motion for Judicial Review may be deemed to have been waived. The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue. When citing cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions and provide accurate page citations to the administrative record for all evidence relied upon ["AR ___" or Doc. No. __, at p. __]. In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms.

**B. Form of Joint Motion for Judicial Review**

The Joint Motion for Judicial Review shall be prepared in the following format, and shall comply with the local rules governing form and typeface:

1. Summary of the Case

Plaintiff shall provide a short summary of the relevant background facts and procedural history. The Commissioner need not respond to plaintiff's summary, unless the Commissioner believes that plaintiff's summary misstates, mischaracterizes, or omits any material facts or proceedings.

2. Medical Evidence

Plaintiff shall state whether plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not,

plaintiff shall either (a) specify the respects in which plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

The Commissioner shall state whether the Commissioner will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, the Commissioner shall either (a) specify the respects in which the Commissioner contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the argument in support of the Joint Motion for Judicial Review.

3.  Statement of Disputed Issues

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that plaintiff is raising as the grounds for reversal and/or remand. [Example: "Issue No. 1 – Whether the ALJ properly evaluated plaintiff's subjective complaints of pain."]

4.  Issues and Contentions

The parties' respective positions and contentions as to each disputed issue shall be presented in a streamlined fashion, as follows:

> **Issue No. 1** [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]
>
> *Plaintiff's Contentions Regarding Issue No. 1* [Plaintiff shall concisely set forth plaintiff's contentions (including citations to the page(s) of the administrative record recited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]
>
> *The Commissioner's Contentions Regarding Issue No. 1* [The Commissioner shall concisely set forth The Commissioner's contentions (including citations to the page(s) of the administrative record where cited evidence is found,

/ / /

complete citations to relevant legal authority, and definitions of medical terminology).]

*Plaintiff's Reply Regarding Issue No. 1* [Plaintiff may, but is not required to, reply to the contentions raised by the Commissioner; provided, however, that any such reply does not exceed 56 continuous lines of text per issue.]

The foregoing format should be repeated for each disputed issue.

5.  Relief Requested

The parties shall each provide a concise statement of the relief requested.

**C. Schedule for Preparation and Filing of the Joint Motion for Judicial Review**

The Joint Motion for Judicial Review shall be prepared and electronically filed according to the following schedule:

1. Within **twenty-eight (28) days** of the filing of the Joint Status Report, plaintiff's counsel shall prepare and deliver to the SAUSA or AUSA a draft of plaintiff's portions of the Joint Motion for Judicial Review (prepared as described in section IV).  Plaintiff's counsel shall provide the SAUSA or AUSA and the Office of Regional Counsel with a printed copy of plaintiff's portions of the Joint Motion for Judicial Review and two computer-readable electronic copies on a USB thumb/flash drive or via e-mail (one electronic copy must be in an editable word processing format, such as Microsoft Word, and the other electronic copy should be in .pdf format).  The draft of plaintiff's portions of the Joint Motion for Judicial Review shall comply with the format and content requirements set forth elsewhere in this order.

2. Within **twenty-eight (28) days** of the date on which plaintiff's counsel provides the SAUSA or AUSA and the Office of Regional Counsel with the draft of plaintiff's portions of the Joint Motion for Judicial Review, the Commissioner shall provide to plaintiff's counsel the Commissioner's portions of the Joint Motion for Judicial Review and shall deliver a printed and two computer-readable copies of the Commissioner's portions of the Joint Motion for Judicial Review to plaintiff's counsel.

/ / /

3. Within **ten (10) days** after the Commissioner provides plaintiff's counsel with the Commissioner's portions of the Joint Motion for Judicial Review, plaintiff's counsel shall incorporate any reply that plaintiff may wish to make to the Commissioner's contentions and shall deliver a completed copy of the Joint Motion for Judicial Review signed by plaintiff to the SAUSA or AUSA for review, signature and electronic filing. Plaintiff shall not use the reply to raise new issues.

4. Within **five (5) days** of delivery by plaintiff's counsel of the signed Joint Motion for Judicial Review, the SAUSA or AUSA shall sign and electronically file the Joint Motion for Judicial Review.

## ORAL ARGUMENT

Unless otherwise ordered, the issues presented in any Joint Motion for Judicial Review shall be deemed submitted for decision without oral argument.

## MOTIONS TO AMEND AND COMPLIANCE WITH THIS ORDER

The parties may by mutual agreement adjust the timing of the exchange of their respective portions of the Joint Motion for Judicial Review, as set forth in §§ C.1, C.2 and C.3 above, without seeking the Court's leave. Any extension of the deadline to file the Joint Motion for Judicial Review requires leave of Court. The deadlines set forth in this Order are designed to give sufficient time to perform the required acts with the exercise of reasonable diligence. **Accordingly, requests for extensions of time are discouraged**. Any motion requesting an extension of the deadline to file the Joint Motion for Judicial Review should be filed as early as practicable and in no event **less than fourteen (14) days** in advance of the deadline and shall comply with the undersigned's Civil Chambers Rules (available on the Court's website).

**IT IS SO ORDERED.**

Dated: May 19, 2022

Hon. Karen S. Crawford
United States Magistrate Judge